### No. 862
### GARFIELD HEIGHTS (VILL.) v. PEARCE, etc.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7875. Decided Oct. 10, 1927.

Hamilton, PJ., Cushing, J. and Mills, J. of the 1st Dist., sitting.
First Publication of this Opinion.
Syllabus by Editorial Staff.

**829. NEGLIGENCE—1053 Roads and Highways.—960. Proof.—855. Nuisance.—Proof of nuisance, in maintaining faulty manhole cover, must show:**

1. That there was such faulty construction that lid might have been thrown out of place by use of street by traffic.

2. That village had notice, actual or constructive, that lid was dislocated, if it was dislocated.

Error to Common Pleas.
Judgment reversed.

A. L. Schlegel, Cleveland, for Garfield Heights.

M. C. Harrison, Cleveland, for Pearce, etc.

**STATEMENT OF FACTS.**

Norman C. Pearce, a minor, twelve years of age, brought suit, through his next friend, for personal injuries claimed to have been produced by the construction and maintenance of a nuisance in a street of the village of Garfield Heights. The thing claimed to constitute a nuisance was the construction and maintenance of a manhole collar and cover in the street. The plaintiff secured a verdict at the hands of the jury, and judgment was entered on the verdict. The village prosecutes error.

At the close of the plaintiff's evidence, and again at the close of all the evidence, counsel for village moved for a judgment, which motion was overruled.

(Continued on Page 784)

# THE OMNIBUS INDEX
## To Ohio Case Law
## Always Appears in This Column

Akron (City) v. Lichtenwalter. (See reverse). Dock. 5 Abs. 300; No. 20513; mo. cer. all. 5 Abs. 400; judg. aff. 5 Abs. 781; OS. 5 Abs. 782.

Adamkiewicz et v. Olenich. Dock. 5 Abs. 781; No. 20830.

American Bk. of Port Clinton v. Sethman et. OA. 4 Abs. 811; 25 Oh. Ap. 63★.

Balt. & O. Rd. Co. v. Village of Oak Hill. CP. 5 Abs. 779; OA. 5 Abs. 779; 24 Oh. Ap. 486★.

Barber v. State. OA. 5 Abs. 780.

Buckeye State Bldg. & Loan Co. v. Ryan. OA. 4 Abs. 826; 25 Oh. Ap. 68★.

Central Acceptance Corp. v. Haueisen. (See reverse). Dock. 5 Abs. 749; No. 20801.

Central Alloy Steel Corp. v. Beaumont Co. Dock. 5 Abs. 781; No. 20831.

Chesapeake & Hock. Ry. Co. v. Harrison Bd. Ed. OA. 5 Abs. 777.

Cleveland Ry. Co. v. Sutherland. Dock. 5 Abs. 781; No. 20834.

Cleveland, Cinci. C. & St. L. Ry. Co. v. Hosler. Dock. 5 Abs. 781; No. 20810.

Copeland v. State. Dock. 5 Abs. 781; No. 20829.

Feiss v. Hensch. Dock. 5 Abs. 781; No. 20833.

Garfield Hts. (Vil.) v. Pearce. OA. 5 Abs. 783.

Grant v. Kinney et. Dock. 5 Abs. 314; No. 20519; judg. aff. 5 Abs. 781; OS. 5 Abs. 781.

Green Cab Co. v. Barr. Dock. 5 Abs. 781; No. 20824.

Haueisen v. Cent. Accept. Corp. (See reverse). OA. 5 Abs. 776.

Hewitt v. State. Dock. 5 Abs. 781; No. 20809.

Indust. Com. v. Barber. Dock. 5 Abs. 249; No. 20444; mo. cer. all. 5 Abs. 301; judg. aff. 5 Abs. 781; OS. 5 Abs. 782.

Indust. Com. v. Joyce. OA. 5 Abs. 760; Dock. 5 Abs. 685; No. 20780.

Kadunc et v. Urankar. OA. 5 Abs. 772.

Kimbrough v. Swisher & Son. (See reverse). Dock. 5 Abs. 249; mo. cer. ov. 5 Abs. 301.

Lichtenwalter v. Akron (City). (See reverse). OA. 5 Abs. 386.

Lumas v. Lumas. Dock. 5 Abs. 781; No. 20823.

McCafferty v. Crownover. OA. 5 Abs. 776.

McKinley v. Niderst. OA. 5 Abs. 783; Dock. 5 Abs. 701; No. 20785.

Mock v. Mitchell et. OA. 5 Abs. 771.

National Un. Fire Ins. Co. v. Mulholland et. OA. 5 Abs. 771; Dock. 5 Abs. 765; No. 20812.

Ilmsted v. Met. Life Ins. Co. Dock. 5 Abs. 781; No. 20825.

Oyster et v. P. U. C. Dock. 5 Abs. 781; No. 20829.

Patton Truck Co. v. Knapp. OA. 5 Abs. 267; Dock. 4 Abs. 867; No. 20220; mo. cer. ov. 5 Abs. 29; 25 Oh. Ap. 57★.

Price v. Kobacker Furniture Co. OA. 4 Abs. 68; OS.P. 4 Abs. 116; 25 Oh. Ap. 65★.

Rohlf v. Great Am. Mut. Ind. Co. et. Dock. 5 Abs. 781; No. 20826.

Rowe v. Cincinnati (City). OA. 5 Abs. 243; Dock. 5 Abs. 269; No. 20445; pet. in er. dis. 5 Abs. 781; OS. 5 Abs. 782.

Smith v. Diebold Safe & Lock Co. Dock. 5 Abs. 781; No. 20832.

Stark Elect. Rd. Co. v. P. U. C. Dock. 5 Abs. 781; No. 20822.

State ex Rowlands v. Indust. Com. Dock. 5 Abs. 781; No. 20821.

State ex Simpkins v. Indust. Com. Dock. 5 Abs. 398; No. 20589; dis. by rel. 5 Abs. 786.

State v. Lengel. Dock. 5 Abs. 781; No. 20827; mo. to stay, denied, 5 Abs. 781.

Stone v. Equitable Mortg. Co. OA. 5 Abs. 528; 25 Oh. Ap. 33★.

Swisher et v. Kimbrough. (See reverse). OA. 5 Abs. 372; 25 Oh. Ap. 76★.

Thomas v. Black, Jr. Dock. 5 Abs. 781; No. 20820.

★These Cases will appear in the Official Volumes, as indicated, with slight changes in paging.

(Continued from Page 783)

The errors complained of are that the verdict and judgment are against the weight of the evidence; that the court erred in overruling the motion for an instructed verdict, or that the plaintiff failed in the proof of allegations necessary to warrant a submission of the question to the jury.

It appears from the record that during the month of February, to-wit, Feb. 9, 1925, at about 6:30 in the evening, the injured minor, with other children, was skating on the street, in the center of which was maintained the manhole cover in question. While so skating, his skates caught, in some manner, in the manhole, which threw him to the street and he was severely injured.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

We are of the opinion that plaintiff below failed to establish his right to recover, by necessary proof. The obligation of the City is to keep the street open, in good repair and free from nuisance. The only question presented here is, was the manhole cover a nuisance within the meaning of that term? It was incumbent upon the plaintiff to prove that the manhole cover constituted a nuisance and that there was actual or constructive notice of that fact by the Village officials.

Giving the plaintiff's evidence the most favorable construction, it amounts to this: That the collar for the manhole cover was flush with the street and that the cover was flush with the collar. The manhole cover weighed approximately 160 pounds and there was some little play in the cover, perceptible when one jumped on one side of the cover. There was no evidence that the cover could possibly be thrown out of position by travel.

The boy testified that the lid was out of place and was raised on one side toward which he approached it, and that he struck it with his skate and knocked it back in place. If the lid was out of place, as testified to by the boy, there is no evidence to show when the dislocation of the cover took place, nor by what agency it could have been dislocated, if it were dislocated.

There is no evidence of any notice, actual or constructive, brought home to the village, of any dislocation of the cover from its regular seat, so that the plaintiff below failed in the two essentials necessary to recover, to-wit, that there was such a faulty construction that the lid might have been thrown out of place by the use of the street by traffic and that the Village had notice, actual or constructive, that the lid was dislocated, if it was dislocated.

Failing in the proof as to these two essentials, the trial court, at the close of all the evidence, should have instructed the jury to return a verdict for the defendant below, plaintiff in error here.

(Cushing and Mills, JJ. concur.)